UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil action no.:<br>) |
| **TIMBERLINE SOUTH LLC**, a Michigan limited liability company, and **JIM PAYNE,** an individual, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Plaintiff, **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain defendants, **TIMBERLINE SOUTH LLC**, a Michigan limited liability company, and **JIM PAYNE**, an individual, (collectively "defendants"), from violating the provisions of sections 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.) ("the Act"), 29 U.S.C. §§ 207, 211, and 215, pursuant to section 17 of the Act, 29 U.S.C. § 217; and to recover unpaid overtime compensation owing to defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c).

**I**

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. § 1345.

II

(A)     Defendant, **TIMBERLINE SOUTH LLC**, is, and at all times hereinafter mentioned, was a Michigan limited liability company with an office and a place of business within Otsego County at 855 Dickerson Road, Gaylord, Michigan 49735, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in the business of commercial logging and timber and in the performance of activities related to that business.

(B)     Defendant, **JIM PAYNE**, an individual, is a 50 percent owner of defendant **TIMBERLINE SOUTH LLC**, and at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the corporate defendant in relation to its employees as well as establishing the violative pay practices alleged in this complaint.  At all times hereinafter mentioned, **JIM PAYNE** was engaged in business within Otsego County at 855 Dickerson Road, Gaylord, Michigan 49735, within the jurisdiction of this court.  **JIM PAYNE** acted directly or indirectly in the interest of **TIMBERLINE SOUTH LLC**, in relation to its employees and is an employer within the meaning of section 3(d) of the Act, 29 U.S.C. § 203(d).

III

**TIMBERLINE SOUTH LLC**, is, and at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r).

IV

**TIMBERLINE SOUTH LLC**, is, and at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Specifically, defendants paid their employees at their regular rate for hours worked in excess of forty (40) hours per week without a one and one-half regular rate overtime premium and failed to properly calculate the regular rate for those employees who were paid both an hourly rate and a cord rate in order to determine the appropriate overtime premium.

## VI

Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. § 516, in that they failed to keep all required records of actual hours worked each workday and/or workweek.

## VII

During the period since at least August 25, 2013, defendants repeatedly violated the provisions of the Act as set forth above. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act, 29 U.S.C. § 217.

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against defendants as follows:

**A.** For an Order pursuant to section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

**B.** For an Order:

    **1.** pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c), finding defendants liable for overtime compensation due defendants' employees and for

liquidated damages equal in amount to the unpaid compensation found due their employees or former employees listed in the attached Exhibit A; or, in the event liquidated damages are not awarded,

    **2.**    pursuant to section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

    **C.**    For an Order awarding plaintiff the costs of this action; and

    **D.**    For an Order granting such other and further relief as may be necessary and appropriate.

| | |
|---|---|
| BARBARA L. McQUADE<br>United States Attorney | M. PATRICIA SMITH<br>Solicitor of Labor |
| LOCAL COUNSEL | CHRISTINE Z. HERI<br>Regional Solicitor |
| S/ Peter A. Caplan<br>PETER A. CAPLAN<br>Assistant U.S. Attorney<br>211 W. Fort Street, Ste. 2001<br>Detroit, MI 48226<br>(313) 226-9784<br>Email: peter.caplan@usdoj.gov<br>P-30643 | S/ David J. Rutenberg<br>DAVID J. RUTENBERG<br>Trial Attorney<br>Office of the Solicitor<br>U.S. Department of Labor<br>Office of the Solicitor<br>230 S. Dearborn St., Ste. 844<br>Chicago, IL 60614<br>(312) 353-6990<br>Email: rutenberg.david.j@dol.gov<br>NY ID# 5095708<br><br>U.S. Department of Labor |

Attorneys for Plaintiff

Certificate of Service

I certify that on April 29, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and further certify that I have mailed by United States Postal Service the foregoing to:

>Jeffrey S. Theuer, Esq.
>Counsel for Defendants
>Loomis, Ewert, Parsley, Davis & Gotting P.C.
>124 West Allegan Street, Suite 700
>Lansing, MI 48933

>>s/David J. Rutenberg
>>David J. Rutenberg