UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**R. ALEXANDER ACOSTA**
Secretary of Labor,
United States Department of Labor

        Plaintiff,              Case No. 16-cv-11552

v.                                        Hon. Thomas L. Ludington
                                             Hon. Patricia T. Morris

**TIMBERLINE SOUTH LLC**, a Michigan
limited liability company, and
**JIM PAYNE**, an individual,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

On April 29, 2016, Plaintiff Secretary of Labor filed a complaint against Defendants Timberline South LLC, a timber felling concern, and its manager Jim Payne, alleging violations of the overtime and recordkeeping provisions of the Fair Labor Standards Act of 1938. The parties filed cross motions for summary judgment. On October 6, 2017, the Court entered an order denying Defendant's motion for summary judgment, granting Plaintiff's motion for summary judgment in part as to the issues of liability and liquidated damages, and ordering supplemental briefing on damage calculation. On October 20, 2017, Defendants filed a motion for reconsideration of the Court's conclusion that Defendants are liable for liquidated damages under the FLSA.

**I.**

**A.**

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect

misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

**B.**

29 U.S.C. §216(b) of the FLSA provides that an employer who violates section 206 or 207 shall be liable for liquidated damages in an amount equal to the unpaid overtime compensation. 29 U.S.C. §216(b). However,

> If the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

29 U.S.C. § 260.

The employer bears the substantial burden of establishing this affirmative defense. *Dole* 942 F.2d at 968 (6th Cir. 1991). The employer must show *both* a subjective belief that it was compliant with the FLSA as well as an objectively reasonable basis for that belief. *See Samson v. Apollo Res., Inc.*, 242 F.3d 629, 640–41 (5th Cir. 2001); *Elwell v. Univ. Hosps. Homecare Servs.*, 276 F.3d 832, 841 (6th Cir. 2002). To show subjective good faith, an employer must show "an honest intention to ascertain and follow the dictates of the act." *Martin v. Cooper Elec. Supply Co.*,

940 F.2d 896, 908 (3d Cir. 1991) (citing *Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 129 (3d Cir. 1984) (abrogated on other grounds).

An employer who acted negligently, but not wilfully, in misclassifying an employee will not be able to satisfy the good faith or reasonableness requirements. *See id.*; *Elwell*, 276 F.3d at 842. An employer must take affirmative steps to ascertain the Act's requirements. *Martin v. Indiana & Michigan Power Co.*, 381 F.3d 574, 584 (6th Cir. 2004). An employer may, but is not required to, rely on the advice of legal counsel provided that counsel is fully informed about the roles of all potentially exempt employees, counsel provides advice that is reasonable, and the employer adheres strictly to that advice. *Townley v. Floyd & Beasley Transfer Co.*, 1989 WL 205342, at *4 (N.D. Ala. Dec. 8, 1989); *Cook v. Carestar, Inc.*, 13 WL 5477148, at *12 (S.D. Ohio Sept. 16, 2013).

## II.

In the order dated October 6, 2017, the Court found Defendants liable for liquidated damages and noted as follows:

> Defendants' *single inquiry* to Timberline's accountant falls well short of meeting this burden. Mr. Rooyakker's advice was at most an opinion with respect to the general applicability of the Agricultural Exemption to Timberline's operations. Rooyakker Tr. at 61–62. Mr. Payne could not reasonably rely on that opinion with respect to all employees performing varying duties including administration and transportation. Mr. Payne made no follow up inquiry to determine the applicability of the exemption to each employee based on their individual duties. *Martin*, 381 F.3d at 584–85.

Order at 37, ECF No. 33 (emphasis added).

In their motion for reconsideration, Defendants contend that there was more than a "single inquiry" to their accountant regarding overtime. Mot. at 2, ECF No. 35. Defendants cite to Mr. Payne's deposition transcript in which he said that he spoke with his accountant, Mr. Rooyakker about the hourly employees "on a couple of different occasions." Payne Dep. at 164-64, ECF No.

35-3. He also quotes the deposition transcript of Mr. Rooyakker in which he noted: "I remember being asked the question does this [FLSA] apply, etcetera, that I've discussed before. I remember Jim asking me in a meeting about something else saying, hey, did you look at that overtime stuff and answering yes, we took a look and it appears that overtime doesn't apply." Rooyakker Dep., ECF No. 35-4.

This evidence does not affect the analysis. Firstly, Defendants have identified no palpable defect. Defendants place undue emphasis on the word "inquiry." Prior to the formation of Timberline South, LLC, office manager Lorrie Grubbe, at the request of Defendant Payne, sent an email to Timberline Logging, Inc.'s accountant, Mr. Rooyakker, asking "do you know if we would be exempt under FLSA in Tennessee." Pl.'s Mot. at 6, Ex. K (Rooyakker email). Defendants suggest the discussions Mr. Payne had with Mr. Rooyakker on "a couple different occasions" constitute several inquiries. Regardless of whether this is characterized as several inquiries or one inquiry, the discussions culminated in one response. Mr. Rooyakker opined that Defendants' operations were exempt under the agricultural exemption. Mr. Rooyakker expressed this opinion in a meeting on February 17th, 2011:

> Q: Okay. Before you were, you know, you had indicated that you had provided response to this agricultural inquiry, was this the day that you provided the response to the agricultural inquiry – to the inquiry to Timberline South or Timberline Logging – to Timberline South or Logging?
> A: Yes. So, as I stated, Jim asked hey, did you ever find anything out on that overtime question and my response was yes, it appears that you're exempt.
> Q: Oka. Under the agricultural?
> A: Yes. Something to that extent.

(Rooyakker Tr.) at 61–62, ECF No. 18-13:

Mr. Rooyakker testified that the advice given at the meeting in response to the email was the only advice he provided concerning Defendants' compensation practices or the applicability

- 4 -

of FLSA exemptions. *Id.* at 46, 66. Moreover, Defendant Payne provided no detail or context concerning the discussions between him and Mr. Rooyakker that occurred on "a couple of occasions." Nor did Defendant Payne testify that Mr. Rooyakker made any representations to him concerning FLSA overtime applicability other than the statement made in the meeting. In sum, the Court's use of the term "single inquiry" might have been more aptly characterized as "a couple of informal discussions concerning one overarching inquiry which was memorialized in a single email and culminated in a single answer by Mr. Rooyakker after which he never expressed another opinion on overtime exemptions or compensation practices." But this does not constitute a palpable defect.

Secondly, regardless of how many discussions took place between Mr. Payne and Mr. Rooyakker, the outcome still does not change. That is, Defendants still cannot meet their burden to establish a good faith and reasonable belief that they were exempt. Defendants quote Mr. Payne's testimony that he and Mr. Rooyyakker had a "couple of" discussions concerning the hourly employee's overtime. Taken out of context and in isolation, this testimony has at best tangential relevance to the issue of Defendants' good faith belief in the applicability of the agricultural exemption to Timberline operations. However, Defendants contention that they believed in good faith that they were covered by that exemption is belied by Defendant Payne's testimony that he did not believe the exemption was applicable to all employees:

> Q: Before – just before I took out this document you testified, and correct me if I'm wrong, that you believe that all of your employees are agricultural employees; is that right?
> A: Other than the truck drivers.
> Q: Other than the truck drivers. So you don't think the truck drivers are agricultural employees?
> A: No
> Q: Okay. Are the shop people agricultural employees?
> A: They would be truck drivers.

> Q: And what about the people who work in the office, are they agricultural employees?
> A: No.

Payne Dep. at 306, ECF No. 18-4.

Mr. Rooyakker's testimony also cuts against any conclusion that Defendants believed his employees were covered by the agricultural exemption or any other exemption:

> Q: Did you go through each employee with Mr. Payne or anyone else at Timberline South or Timberline Logging to find out what their job duties were to see if any – if that exemption applied?
> A: During what time period?
> Q: During the time period prior to 2013.
> A: No.
> . . .
> Q: Do you remember talking about what employees the agricultural exemption might apply to?
> A: I don't recall.
> . . .
> Q: Okay. And, again, at that meeting, did you discuss any other Fair Labor Standards Act exemptions that may apply to Timberline South or Timberline Logging, Inc..?
> A: No.

Rooyakker Dep. at 45.

More importantly, Defendants cannot satisfy the second prong of their burden of proof, namely objective reasonableness of their (alleged) good faith belief. Defendants focus almost exclusively on the number of discussions that occurred which ultimately resulted in Mr. Rooyyakker rendering one opinion. Defendants identify no disagreement with the Court's conclusion that "Mr. Rooyakker's advice was at most an opinion with respect to the general applicability of the Agricultural Exemption to Timberline's operations. Mr. Payne could not reasonably rely on that opinion with respect to all employees performing varying duties including administration and transportation." Order at 37.

The motion for reconsideration contains one reference to the objective reasonableness prong: "Defendants assert that it is objectively reasonable for a small business owner with no legal or financial education to rely in good-faith upon his accountant's opinion that he was not required to pay overtime, even if that advice turned out to be incorrect." Mot. at 4. This assertion does not respond to the Court's finding that it was unreasonable to rely on Mr. Royyaakers advice concerning the general applicability of the agricultural exemption to his employees performing varying duties including administration and transportation.

Defendants correctly noted that were not required to consult an attorney. An employer may, but is not required to, rely on the advice of counsel *provided that counsel is fully informed about the roles of all potentially exempt employees, counsel provides advice that is reasonable, and the employer adheres strictly to that advice*. *Townley v. Floyd & Beasley Transfer Co.*, 1989 WL 205342, at *4 (N.D. Ala. Dec. 8, 1989); *Cook v. Carestar, Inc.*, 13 WL 5477148, at *12 (S.D. Ohio Sept. 16, 2013).

Defendants did not err simply by choosing not to consult an attorney. In fact, even if Mr. Rooyyakker was an attorney, Defendants still would not have met their burden to establish an objectively reasonable belief that they were exempt. They did not meet any of the three requirements of the case law cited above. Mr. Rooyyakker was not fully informed on the roles of all potentially exempt employees for the purpose of rendering an opinion about whether the employees were covered by an exemption, nor did he render such an opinion. Rooyakker Dep. at 45. Mr. Rooyyaker's advice was not reasonable, as the Defendants' operations have absolutely no connection to agriculture, in either its legal or ordinary meaning.[1] Finally, Defendants actions

---

[1] Indeed, the definition under the statute comports with an ordinary understanding of the word agriculture: "farming in all its branches and among other things includes the cultivation and tillage of the soil, dairying, the production, cultivation, growing, and harvesting of any agricultural or horticultural commodities

exceeded the scope of Mr. Rooyakker's advice, as he never instructed them not to pay overtime to specific employees and left the decision to "Jim Payne and his personnel" to determine what employees the agricultural exemption applied to. Rooyakker Dep. at 80.

Defendants were not required by law to consult an attorney. However, in terms of their entitlement to rely on the advice of a professional, the bar certainly is not lower for an accountant than it is for an attorney. It would be incongruous for Defendants to be granted even more leeway in terms of how liberally they can interpret and apply their accountant's advice on FLSA requirements because he is not professionally proficient on that subject. Their reliance on his opinion would have been unjustified even if he was an attorney, and it was all the more unjustified considering he was not an attorney.

Defendants identify no palpable defect in the Court's order. More importantly, Defendants have not shown that any alleged defect would lead to a different conclusion. Accordingly, the motion for reconsideration will be denied.

### III.

Accordingly, it is **ORDERED** that Defendants' motion for reconsideration, ECF No. 35, is **DENIED**.

Dated: February 14, 2018	s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 14, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager

---

(including commodities defined as agricultural commodities in section 1141j(g) of Title 12), the raising of livestock, bees, fur-bearing animals, or poultry . . ." 29 U.S.C. § 213(b)(12).