UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**R. ALEXANDER ACOSTA**
Secretary of Labor,
United States Department of Labor

                Plaintiff,                Case No. 16-cv-11552

v.                                                Hon. Thomas L. Ludington
                                                Hon. Patricia T. Morris

**TIMBERLINE SOUTH LLC**, a Michigan
limited liability company, and
**JIM PAYNE**, an individual,

                Defendants.
_____/

## ORDER GRANTING SUMMARY JUDGMENT AS TO DAMAGES

On April 29, 2016, Plaintiff Secretary of Labor filed a Complaint against Defendants Timberline South LLC, a timber felling concern, and its manager Jim Payne, alleging violations of the overtime and recordkeeping provisions of the Fair Labor Standards Act of 1938. ECF No. 1. The parties filed cross motions for summary judgment. ECF Nos. 18, 19. On October 6, 2017, the Court entered an order denying Defendant's motion for summary judgment, granting Plaintiff's motion for summary judgment in part as to the issues of liability and liquidated damages, and ordered supplemental briefing on damage calculation. ECF No. 33. On October 20, 2017, Defendants filed a motion for reconsideration of the Court's conclusion that Defendants are liable for liquidated damages under the FLSA. ECF No. 35. On February 14, 2018, the motion was denied. ECF No. 42. Defendants took issue with Plaintiff's damage calculation for several reasons, and a second round of supplemental briefing was ordered. ECF No. 43. Plaintiff was directed to address the following outstanding issues identified by Defendants:

- Plaintiff should provide a declaration signed by Jeffrey Wrona or furnish legal authority for the proposition that the current declaration is competent evidence to be considered at summary judgment.

- Plaintiff should address the issue of overlapping workweek entries for the weeks of August 7, 14, 16, 21 and 23, 2015, and revise its calculations accordingly. This appears to be an issue in all three of its Transcription and Computation sheets.

- Plaintiff should further explain how it calculated that drivers work an average of 60 hours per week and equipment operators work an average of 51 hours per week. Plaintiff should identify who the "similarly situated employees" are whose records were used to calculate those averages and cite to the applicable page ranges in the payroll journals.

- Plaintiff should address Defendants' contention that "Crawford is one of the non-hourly employees for which hourly records exist." Def. Br. at 15 (citing ECF No. 19-9). If hourly records do exists for him, Plaintiff should also address why they were not used. Finally, Plaintiff should explain why its overtime total for Mr. Crawford changed from roughly $780 to over $2,000.

**I.**

Plaintiff has now submitted Mr. Wrona's original declaration with his signature. With respect to the overlapping workweek entries for the hourly employees for the weeks of August 7, 14, 16, 21, and 23, 2015, Plaintiff asserts that Randy Newberry was the only employee for whom overlapping overtime wages were assessed, in an amount of $20.63, which Plaintiff has removed from its revised back wage computations. Pl. Suppl. Br. at 2-3. In response, Defendants contend that Mike Lube's third computation sheet contains 9 overlapping or duplicate date entries,

including January 22, 29, February 5, 12, 19, 26, March 4, 11, 18, 2016, and January 20, 27, February 3, 10, 17, 24, March 10, 17, 2016. Plaintiff appears to have made a typographical error. The workweeks between Jan. 20 and March 17, 2016 should in fact reflect the year as 2017, not 2016. Indeed, January 20-March 17, 2017 is otherwise unaccounted for in Plaintiff's computation sheet for Mike Lube. Additionally, the workweeks ending January 20-March17 correspond to the year 2017 for the other hourly employees, not the year 2016 (in which the workweeks ended January 22, 29, etc). Furthermore, the payroll journal for Mike Lube (ECF No. 18-11 at 19) correctly reflects the year 2017 for January 20-March 17 workweeks, and the dollar amounts match up to the workweeks listed in the computation sheets. Rather than directing another round of supplemental briefing on this issue, Defendants will be given the benefit of the doubt with respect to these workweeks, and the overtime award will be reduced accordingly. Of the two periods of time containing allegedly overlapping workweeks, January 22-March 18, 2016 contain the higher amounts for overtime due, totaling $6,060. That amount will be deducted from the award.

**II.**

Plaintiff was also directed to explain how the average hours were calculated for truck drivers and equipment operators. Plaintiff has now identified the records relied upon in making this calculation, and has also revised this calculation to incorporate data for the updated time period from Defendants' second payroll journal (which reduced the average hours for truck drivers and equipment operators to 55 and 48 hours, respectively). In response, Defendants contend the updated calculation should have been made sooner. In any event, Defendants do not dispute that the update calculation has now been made.

**III.**

Defendants also argue that the data "remains fatally flawed" because it "does not discount travel or lunch time." Def. Suppl. Br. at 6-7. This argument was already addressed in the Court's initial order granting summary judgment in part. ECF No. 33 at 27. Defendants offer no explanation as to why the Court's previous conclusion should be revisited here.

**IV.**

Plaintiff was also directed to address Defendants' contention that Mr. Crawford is one of the non-hourly employees for which hourly records exist, and why its overtime total for Mr. Crawford changed from roughly $780 to over $2,000 between its initial briefing on the motion for summary judgment and its supplemental briefing on damages. Plaintiff now indicates that no hourly records exist for Mr. Crawford, and the record identified by Defendants (which purported to be an original hourly record) was in fact a table created by Defendants during the course of litigation. Pl. Suppl. Br. at 8. Plaintiff also explained that the change in its calculation for Mr. Crawford's overtime total occurred because Plaintiff learned new information from subsequent discovery which enabled Plaintiff to more accurately interpret Defendants' payroll records for non-hourly employees. Defendants do not dispute either of these representations.

**V.**

Defendants also argue, as they did in their previous supplemental brief, that in 7 instances the hourly totals reflected in Plaintiff's computation sheets did not match the hourly totals reflected in employee timecards. The Court observed that Plaintiff relied on Defendants' payroll journal in performing their calculations, and did not rely on employee timecards. ECF No. 43 at 4-5. The Court concluded that Plaintiff was not at fault for using data from Defendants' payroll journals. *Id.* In response, Defendants have now produced documents in which they have accurately recorded the hourly totals reflected in their employees' timecards. Ex. D, ECF No. 45-4. It is unclear when,

if at all, these documents were produced to the Plaintiff, nor is it apparent where these documents can be found in the evidentiary record (other than the attachment to Defendants' current supplemental brief). Even assuming these documents were produced at some point in these proceedings prior to the instant briefing, this still does not entitle Defendants to any reduction as to these 7 workweeks. Plaintiff is still not at fault for relying on the data produced by Defendants which Defendants represented to be accurate. Defendants cannot now contend that those records were inaccurate, and Plaintiff should have instead relied on other (accurate) data that covered the same time periods in question.

## VI.

Next, Defendants contend that Plaintiff calculated reductions for 4 employees (Newberry, Baur, Crawford, and Hintz), totaling $9,151.31. Yet, Plaintiff's total damage calculation between its first and second supplemental briefs was only reduced by $9,115.24. The fact that the reduction for those 4 employees did not precisely match the reduction from the old to the new calculation is not grounds for denying Plaintiff's any overtime award. Rather than ordering another round of supplemental briefing on this issue, Defendant will be given the benefit of the doubt with respect to that discrepancy. The Court will reduce the award by the larger amount, which will result in an additional reduction of $36.07

## VII.

Finally, Defendants argue that they have effectively paid their employees one and one half times their regular rates because their employees were paid much more than industry aggregated averages. Defendants previously advanced this argument in their effort to avoid liquidated damages, an argument that the Court was willing to entertain if Defendant could substantiate "both

a subjective belief that it was compliant with the FLSA as well as an objectively reasonable basis for that belief." *See* ECF No. 33, at 36, 39. But the evidence did not support Defendants' argument.

## VIII.

For the reasons set forth above, as well as the Court's previous orders (ECF Nos. 33, 43), Plaintiff has proved overtime wages due to the hourly employees by a preponderance of the evidence, and has proved overtime wages due to non-hourly and combination rate employees as a matter of just and reasonable inference as required by *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1945).

Accordingly, it is **ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 18, is **GRANTED** as to damages.

It is further **ORDERED** that Judgment will be entered in favor of Plaintiff and against Defendants. The judgment will reflect the updated total of $445,533.49, less the reductions discussed above of $6,060 and $36.07, for a total of $439,437.42. An equal amount in liquidated damages will also be assessed for the reasons explained in the Court's previous order granting summary judgment as to liability (ECF No. 33).

Dated: June 5, 2018                                    s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 5, 2018.

                                    s/Kelly Winslow
                                    KELLY WINSLOW, Case Manager