UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**R. ALEXANDER ACOSTA**
Secretary of Labor,
United States Department of Labor

      Plaintiff,         Case No. 16-cv-11552

v.                 Hon. Thomas L. Ludington
                 Hon. Patricia T. Morris

**TIMBERLINE SOUTH LLC**, a Michigan
limited liability company, and
**JIM PAYNE**, an individual,

      Defendants.
_____/

## ORDER DENYING MOTION TO STAY OR TO REDUCE BOND REQUIREMENT

On April 29, 2016, Plaintiff Secretary of Labor filed a Complaint against Defendants Timberline South LLC, a timber felling concern, and its manager Jim Payne, alleging violations of the overtime and recordkeeping provisions of the Fair Labor Standards Act of 1938 (the "Act"). ECF No. 1.[1] The parties filed cross motions for summary judgment. ECF Nos. 18, 19. On October 6, 2017, the Court entered an order denying Defendant's motion for summary judgment, granting Plaintiff's motion for summary judgment in part as to the issues of liability and liquidated damages, and ordering supplemental briefing on damage calculation. ECF No. 33. On October 20, 2017, Defendants filed a motion for reconsideration of the Court's conclusion that Defendants are liable for liquidated damages under the FLSA. ECF No. 35. On February 14, 2018, the motion was denied. ECF No. 42. Defendants took issue with Plaintiff's damage calculation for several reasons,

---

[1] A detailed factual summary regarding the nature of the employer's business and its record keeping and payroll practices can be found in the court's order granting summary judgment as to liability. ECF No. 33 at PGID 3632–38

and a second round of supplemental briefing was directed. ECF No. 43. On June 5, 2018, the Court entered an order granting summary judgment to Plaintiff as to damages. ECF No. 46. Judgment was entered for Plaintiff in an amount of $439,437.42, plus an equal amount in liquidated damages. ECF No. 47. On July 3, 2018, Defendants filed a notice of appeal. ECF No. 48. Shortly thereafter, Defendants filed a motion to stay the enforcement of the judgment pending appeal. ECF No. 51. Defendants ask the Court to grant a discretionary stay and to waive the bond requirement of rule 62(d) or, in the alternative, to set a bond amount equal to the anticipated cost of appeal.

**I.**

At the outset, some clarification is needed. Notably, the parties devoted a substantial amount of their effort to analyzing the four-factor balancing test set forth in *Griepentrog*, in which the Sixth Circuit stated:

> In determining whether a stay should be granted under [Fed.R.App.P. 8(a)], we consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction. These well-known factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (internal citations and quotations omitted). This four-factor test does not appear to be applicable to a motion to stay the enforcement of a *monetary judgment* pending appeal.[2]

Indeed, *Griepentrog* involved the stay of a permanent injunction pending appeal. *Id.* The cases cited by *Gripentrog* also involved stays of injunctive, equitable, or other non-monetary relief. *See State of Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir.

---

[2] Granted, this is not immediately apparent given that Fed. R. App. P. 8(a) simply refers to "a stay of the judgment or order of a district court pending appeal," without differentiating between the types of relief granted in the judgment or order in question.

1987) (granting stay of full-power operating license for nuclear power plant); *Hilton v. Braunskill*, 481 U.S. 770, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987) (reversing third circuit's denial of state's motion for stay of order releasing prisoner pursuant to petition for writ of habeas corpus).

Two recent cases in this district have noted that the 4-factor balancing test does not apply to motions to stay execution of a monetary judgment. *Bryant v. Meade & Assocs., Inc.*, No. 15-10199, 2017 WL 445593, at *2 (E.D. Mich. Feb. 2, 2017) (noting that the test "applies to stays of injunctive relief under Rule 62(c), not stays of monetary judgments under Rule 62(d)"); *Acosta v. Min & Kim Inc.*, No. 15-CV-14310, 2018 WL 3586369, at *2 (E.D. Mich. July 26, 2018) ("*Griepentrog* considered a requested stay of injunctive relief, not a stay of a monetary judgment. This court did not award injunctive relief in this case which suggests that the *Griepentrog* four-factor test is not relevant here").

Moreover, in numerous cases involving both a motion to stay the enforcement of an injunction *and* a motion to stay the enforcement of a monetary judgment, courts have applied the 4-factor balancing test only to the former inquiry, but not to the latter inquiry. *See*, *e.g.*, *Sierra Club v. El Paso Gold Mines, Inc.*, No. CIV.A.01 PC 2163 OES, 2003 WL 25265871 (D. Colo. Apr. 21, 2003); *Progressive Foods, LLC v. Dunkin' Donuts Inc.*, No. 1:07 CV 3424, 2011 WL 1601335 (N.D. Ohio Apr. 27, 2011); *Hance v. Norfolk S. Ry. Co.*, No. 304-CV-160, 2007 WL 1174201, at *2 (E.D. Tenn. Apr. 19, 2007). There does not appear to be any precedent applying this 4-factor test to a motion for a stay of a monetary judgment.

## II.

### A.

The instant motion is governed by Federal Rule of Civil Procedure 62(d) and the judicial interpretations of that rule. Pursuant to rule 62(d), a party taking appeal from a district court

judgment is entitled to a stay as of right by posting a supersedeas bond. *Arban v. W. Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). Rule 62(d) speaks only to stays granted *as a matter of right*. *Id.* Courts have discretion to vary the bond requirement on just terms by reducing it or permitting a substitute form of guarantee. *See id.* However, because the supersedeas bond protects the non-moving party from the risk that its judgment may become uncollectable during the appeal, courts generally require the appellant to post a full supersedeas bond. *See Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998).

Only in "extraordinary circumstances" should the court permit less than a full supersedeas bond. *Bryant v. Meade & Assocs., Inc.*, No. 15-10199, 2017 WL 445593, at *2 (E.D. Mich. Feb. 2, 2017). Such circumstances exist where "the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money," or "the requirement would put the defendant's other creditors in undue jeopardy." *Id.* (citing *Hamlin*, 181 F.R.D. at 353); *Olympia Equip. Leasing Co. v. Western Union Tel. Co.,* 786 F.2d 794, 796 (7th Cir.1986). The moving party bears the burden to "objectively demonstrate" the reason for such departure. *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 353 (E.D. Mich. 1998); *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). The moving party also bears the burden of proposing a plan that will provide as adequate as possible security for the appellee. *See Hamlin*, 181 F.R.D. at 353; *Poplar Grove* 600 F.2d at 1191; *Sierra Club v. El Paso Gold Mines, Inc.*, 2003 WL 25265871, at *7 (D. Colo. Apr. 21, 2003).

**B.**

Defendants cite to *Olympia Equipment*, claiming that a full bond requirement is inappropriate because it would put their creditors in undue jeopardy. Mot. at 9-10 (citing *Olympia Equip.,* 786 F.2d at 796). In their initial motion, the only evidence Defendants furnished in support

of their argument was that the amount of the judgment "is nearly as much as Timberline's total yearly payroll during the period of the complaint" which showed yearly payroll ranging from $900,000-$1,100,000 from 2013-2016. As Plaintiff pointed out, Timberline's years-old payroll data is of limited relevance in evaluating whether it has sufficient assets to post bond, and it is of no relevance in evaluating the financial circumstances of Timberline's manager, Jim Payne (who is also liable for the judgment).

In their reply, Defendants have furnished additional evidence of their financial circumstances, namely an affidavit of Jim Payne as well as tax returns for Mr. and Mrs. Payne and Timberline South LLC from 2013-2015. ECF No. 54-1. The tax returns reflect modest individual income, and also reflect that Timberline operated at a loss from 2013-2015. *Id.* at PGID 4470–78. The affidavit reflects, in relevant part: 1) that all of Timberline's business assets are subject to a financing lien; 2) that neither Timberline nor Jim Payne is able to pay a cash bond or obtain a surety bond; 3) that neither Timberline nor Jim Payne has unencumbered assets or funds sufficient to cover payroll or expenses for even a single job without receiving the revenue from that job; and 4) that "if revenue is interrupted during the appeal by legal process directed to a bank or customer, Timberline will not be able to make payroll or expenses related to the lien on assets, which will result in a default," and will force Timberline to "cease operations and lay-off employees." *Id.* at 4467-68. The affidavit also reflects that "the Secretary has insisted on full payment of the assessment over a period no greater than six months" which "is not possible and will result in the lay-off of employees and shut down of the business." *Id.*

Notably, the tax returns only cover 2013-2015, whereas the business was formed in 2010. *See* Aff. at 1, ECF No. 54-1. No tax returns were provided for 2010, 2011, 2012, 2016, or 2017. Furthermore, the tax returns reflect only income and expenses, but not *assets*. The affidavit does

contain representations concerning the sufficiency of Defendants' assets (or lack thereof) to satisfy the judgment or to post bond. However, a better practice would be to provide financial statements of the enterprise. *See Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 756 (D.C. Cir. 1980); *Progressive Foods, LLC v. Dunkin' Donuts Inc.*, No. 1:07 CV 3424, 2011 WL 1601335, at *2 (N.D. Ohio Apr. 27, 2011). Defendants have provided no financial statements nor have they provided documentation of Mr. Payne's personal wealth. Such documentation would have provided additional detail and corroboration of the statements made in the affidavit. Nor did Defendants provide much information concerning the creditors who they contend will be placed in undue jeopardy. Defendants have provided no documentation of the identities of these creditors, the amount and terms of the loan, etc.

Furthermore, even if Defendants did provide sufficient documentation to establish that posting a full superseadas bond would place their creditors in undue jeopardy, they still bear the burden to propose a plan to provide as adequate as possible security for the appellee. *See Hamlin*, 181 F.R.D. at 353; *Poplar Grove* 600 F.2d at 1191; *Sierra Club v. El Paso Gold Mines, Inc.*, 2003 WL 25265871, at *7 (D. Colo. Apr. 21, 2003). Defendants have not done so. The Court must protect Plaintiff's interest in its judgment. Defendants contend that Plaintiff has identified no reason to believe that Plaintiff's ability to collect on the judgment will be any more at risk after the appeal than it is now.[3] However, it is the moving party's burden to objectively demonstrate the reason for departing from the full bond requirement; the opposing party has no obligation to introduce evidence to the contrary. *Hamlin*, 181 F.R.D. at 353 (E.D. Mich. 1998).

---

[3] Defendants seem to suggest that it would be sufficient for the Court to enter "an order prohibiting dissipation of assets except in the ordinary course of business during the appeal." Reply at 6. Defendants do not explain how this would provide an adequate substitute for a fully secured bond.

Moreover, the limited documentation Defendants have submitted (2013-2015 tax returns) demonstrates that Timberline operated at a loss during that period of time, and also demonstrates a net operating loss carryforward in excess of $450,000. ECF No. 54-1. This tends to suggest that continued operation of the business will make collection on any portion of the judgment less likely. For these reasons, the motion will be denied.

**II**.

Accordingly, it is **ORDERED** that Defendants motion to stay, ECF No. 51, is **DENIED.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: August 13, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 13, 2018.

s/Kelly Winslow  
KELLY WINSLOW, Case Manager