UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS E. PEREZ,

    Plaintiff,

v.

TIMBERLINE SOUTH, LLC,
JIM PAYNE,

    Defendants.
                                                        /

Case No. 16-11552

Judge: Thomas L. Ludington
Magistrate Judge: Patricia T. Morris

**OPINION AND ORDER ON REMAND**

On April 29, 2016, Plaintiff, Thomas Perez,[1] on behalf of the U.S. Department of Labor, filed suit against Timberline South LLC and Jim Payne. ECF No. 1. Timberline is organized as a Michigan limited liability company and is based in Gaylord, Michigan. ECF No. 18. Employees cut raw timber, load it onto their trucks, and transport it to mills within Michigan. ECF No. 19. Defendant does not own the mills that process the lumber. *Id.* The complaint alleged that Defendants violated 29 U.S.C. §§ 207 and 215(a)(2) by paying "their employees at their regular rate for hours worked in excess of forty (40) hours per week without a one and one-half regular rate overtime premium and failed to properly calculate the regular rate for those employees who were paid both an hourly rate and a cord rate in order to determine the appropriate overtime premium." ECF No. 1 at PageID.3. Some Timberline employees are paid hourly rates, some non-hourly rates, and some a combination of hourly rates as well as day, cord, piece, and/or load rates. Defendants recorded hours worked for hourly employees. Defendants did not record hours worked

---

[1] Eugene Scalia succeeded Thomas Perez as Secretary to the US Department of Labor and is the current named Plaintiff.

for most non-hourly employees and have never paid an overtime wage of one and one-half times the regular hourly rate for hours worked beyond forty for any employee. Defendants assert they did not compute a "regular [hourly] rate," because Timberline's compensation structure included compensation for travel to work time, lunch pay, fuel, daily rates, piece rates, and a company mobile phone. ECF NO. 19-3.

In April 2017 Plaintiff moved for summary judgment asserting that the facts giving rise to liability are not in dispute. ECF No. 18. Defendants filed a cross motion for summary judgment alleging that Timberline is not a covered enterprise under the Fair Labor Standards Act or if so, is exempt from the relevant provisions. ECF No. 19. On October 6, 2017, Plaintiff's Motion for Summary Judgment was granted in part, Defendants' motion for summary judgment was denied, Plaintiff's motion to amend their complaint was granted, and supplemental briefing was directed to determine damages. ECF No. 33. This Court concluded that Timberline is a covered enterprise under the FLSA and the Forestry, Agricultural, Administrative Employees, and Motor Carrier Exemptions are inapplicable. *Id.* Next, 29 U.S.C. § 254(a) was analyzed, which provides that employers are generally not liable for compensation for activities including travel to the actual place of performance of the principal activity of employment and activities preliminary to or postliminary to said employment. 29 U.S.C. § 254(b)(2) provides an exception providing that such activities are compensable if there is a custom or practice to compensate for such time. *Id.* After analyzing the facts and the US code provisions, this Court held that Defendants had a custom of compensating employees for commute and meal time, Defendants failed to meet their burden under the *Mt. Clemens* burden shifting scheme[2] to negate Plaintiff's damage estimates, and Plaintiff's data and calculations were reasonable. *Id.*; ECF No. 46. After supplemental briefing

---

[2] 328 U.S. 680 (1946).

from the parties, judgment was entered against Defendants for a total of $439,437.42 for damages and an equal amount for liquidated damages. ECF No. 46.

Defendants appealed the judgment. ECF No. 48. On appeal, the Sixth Circuit affirmed this Court in its decision that Timberline is a covered enterprise under the Fair Labor Standards Act and that none of the Timberline employees were exempt from the FLSA overtime requirements. ECF No. 57. In addition to evaluating 29 U.S.C. § 254(a) and (b), the Sixth Circuit cited 29 C.F.R. § 785.34 and 29 C.F.R. § 785.35 which state that while ordinary commute time may be compensable, normal commute time is not considered work time. Therefore, since "the FLSA only requires overtime compensation for actual work or employment," the Circuit held for the first time[3] that "ordinary home-to-work and work-to-home commute time does not qualify as 'work' under the FLSA even if the employer has paid for such time, and therefore that time is not subject to overtime requirements." *Id.* (internal quotations omitted). After establishing this rule, the Sixth Circuit stated that "[a]ny ordinary commute and bona fide meal time that *can be established* must not be included in determining how many hours of overtime each employee worked, although Defendants may not use the amounts paid for those otherwise non-compensable work periods as an offset against the amounts owed." *Id.* (emphasis added). Lastly, the Sixth Circuit upheld this Court's calculation method of liquidated damages but vacated the amount because the liquid damages are based on the amount of unpaid overtime compensation. *Id.*

**I.**

This Court held a telephonic status conference with counsel after the Sixth Circuit issued its opinion. It was apparent the parties held differing opinions on the remaining issues after remand. Therefore, the parties were directed to file supplemental briefs explaining their perspective on the

---

[3] The Circuit explained that while a handful of District Courts have addressed the issue, no circuit court has.

remaining issues. ECF No. 65. Defendants argued that the Sixth Circuit's instructions required re-opening discovery to determine how much of the Secretary's damage calculations included non-compensable hours for meal and commute time. ECF No. 66. Plaintiff contended

> [t]he only issue on remand is an issue the parties have already briefed (or had the opportunity to brief); that is, whether Defendants carried their burden to provide precise evidence of time allegedly spent commuting and on bona fide meal breaks under burden the [sic] shifting framework set forth in *Anderson v. Mt. Clemens Pottery Co.* As the parties have repeatedly briefed this issue with ample opportunity to present relevant evidence, no additional briefing should be necessary nor should additional evidence be admitted into the fully developed record. ECF No. 67 at PageID.4564 (citations omitted).

## II.

### A.

When calculating overtime damages, the Portal-to-Portal Act provides guidance on whether meal and commute time should be included.

> (a) Except as provided in subsection (b), no employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938 . . . on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any of the following activities of such employee . . .
>> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
>> (2) activities which are preliminary to or postliminary to said principal activity or activities,
>
> which occur either *prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he cease*s, such principal activity or activities. For purposes of this subsection, the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee or representative of such employee.
>
> 29 U.S.C. § 254 (emphasis added).

Accordingly, employers are excused from the FLSA minimum wage and overtime requirement provisions for the time employees commute to and from work. Therefore, employers do not have to pay their employees for their time commuting to work.

The section continues and provides that

(b) Notwithstanding the provisions of subsection (a) which relieve an employer from liability and punishment with respect to any activity, the employer shall not be so relieved if such activity is compensable by . . . .
. . .
    (2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee is employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer.
29 U.S.C. § 254.

Therefore, (b) is an exception to (a) and requires that an employer who has a custom or practice of compensating an employee for commute time is not exempt from the FLSA requirements and must continue to pay its employees for that designated commute time. Defendant has never disputed that it had a custom of compensating its employees for commute and meal time.

In addition to the FLSA, the Department of Labor promulgated several regulations regarding 29 U.S.C. § 254. First, 29 CFR § 785.34 provides additional guidance stating that even though commute time can be compensable "by express contract or by custom or practice," "ordinary travel from home to work need not be counted as hours worked even if the employer agrees to pay for it." "Ordinary travel" time, even if compensable pursuant to a 29 U.S.C. § 254(b) custom or practice is therefore not subject to the employer's obligation to pay minimum wage or overtime compensation.

29 CFR § 785.35 further provides that "[n]ormal travel from home to work is not worktime." They also explain that "bona fide meal periods are not worktime." 29 CFR § 785.19. The regulations differentiate between travel to and from work (non-work time) and travel as part

of the employment (work time). 29 C.F.R. § 785.38 states that "[t]ime spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the work day, must be counted as hours worked. Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice."

The Sixth Circuit having reviewed the law and regulations concluded stating that the FLSA "does not treat ordinary home-to-job-site travel as compensable" [and t]he same is true of 'bona fide meal periods." ECF No. 57 (citations omitted).

This Court previously found that Defendant had a custom and practice of paying for commute and meal time and therefore did not determine if and how much meal time or commute time was included in the amount of calculated overtime. The Sixth Circuit concluded that "any ordinary commute and bona fide meal time *that can be established* must not be included in determining how many hours of overtime each employee worked." *Id.* (emphasis added). Accordingly, the Sixth Circuit, having read 29 U.S.C. § 254(b) differently, returned the case to this Court.

The *Anderson v. Mt. Clemens* test places the burden on the employee to demonstrate that he was not properly compensated, but the burden shifts to defendants if defendants did not keep accurate records for employees. *Monroe v. FTS USA, LLC*, 860 F.3d 389, 398–99 (6th Cir. 2017). The Supreme Court explained that

> [w]hen the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would

> place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the [FLSA]. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946).

**B.**

Defendants believe discovery should be reopened to determine the amount of meal time and commute time that was included in the Secretary's overtime calculations. However, there have already been three rounds of supplemental briefing, in addition to cross-motions for summary judgment. *See e.g.*, ECF Nos. 18, 19, 38, 41, 44, 45, 66, 67. Additional discovery is extremely unlikely to produce any new testimony that Defendants have not already provided. Therefore, additional briefing will not be ordered.

The Secretary explained that "all [but one] employment agreements between Timberline and its employees are verbal." ECF No. 18 at PageID.142. It is undisputed that Timberline does not pay its employees overtime. *Id.* In addition, "Defendants did not keep records of actual hours worked each day and each week for those employees earning day and cord rates. Defendants neither maintained records for total pay for overtime hours for each employee, nor recorded a 'regular rate' for each workweek." *Id.* at PageID.143. Initially Plaintiff determined that Defendants owed their employees $468,595.80 in back wages. ECF No. 18-17 at PageID.1738. Jeffrey Wrona, who worked for the Secretary, explained that he used the business records to determine the number of hours the hourly employees worked (43 out of 50 employees). *Id.*; ECF No. 38 at PageID.3725.

For employees paid by day or cord, the number of hours worked were initially determined after employee interviews. ECF No. 18-17 at PageID.1738.

In its first supplemental brief, Plaintiff explained that it estimated the time worked for the remaining seven employees (who were not paid hourly) by "(1) averaging the number of hours similarly situated employees worked per week or (2) averaging the number of hours individual employees worked each workweek based upon time records previously kept for each employee prior to Defendants changing the employee compensation to non-hourly and ceased keeping the required records." ECF No. 38 at PageID.3726. In their second supplemental brief, Plaintiff explained another accounting error and concluded that Defendants' employees are owed $445,533.49 in back wages. ECF No. 44 at PageID.4201.

In its motion for summary judgment and response to Plaintiff's motion for summary judgment, Defendants dispute the contention that they did not have sufficient records, citing to time records kept for some employees. See ECF No. 24, 24-3, 24-4, 24-5. Defendants also explained that they submitted a recalculation document that credits back fuel and phone compensation to correctly get to an accurate overtime calculation. ECF No. 19; 19-9. However, it is unclear what records this recalculation document is based on.

In their first supplemental brief, Defendants challenged the admissibility of Mr. Wrona's declaration. They also explained that they paid significantly more than the industrial average, "[i]f those gross industry wages are converted into a workweek of 40 regular hours, plus 20 overtime hours, each and every week for 52 weeks per year, the gross industry wages actually received by Timberline's non-hourly employees, on average, still exceed what would be owed to these employees based on an industry average wage, plus 20 hours per week of overtime." ECF No. 41 at PageID.4099. However, Defendants failed to explain why the industry standard wage was

relevant to a determination of whether Defendants themselves paid overtime. The only reference to payments for meal time and commute time are two sentences at the end stating "Further, Plaintiff failed to account for 29 C.F.R. § 778(b), which provides that otherwise non-compensable hours such as drive-to-work time do not qualify toward overtime compensation. Attached as Exhibit K are employee affidavits showing some, but not necessarily all, employees who did not agree or understand that these hours would be included as hours worked or for overtime." ECF No. 41 at PageID.4115; ECF No. 45 at PageID.4366-4367. Defendants repeat this argument in their second supplemental brief. ECF No. 45.

## C.

Here, after three rounds of briefing, Defendants have been unable to provide evidence regarding the amount of time their employees spent commuting or eating meals. Plaintiff argues that it was unable to compute any alleged bona fide meal or commute time included in pay records "because Defendants' failed to keep contemporaneous records of such time or produce any credible evidence supporting such time." ECF No. 67 at PageID.4565. It is impossible to remove any potential meal or commute time from the Secretary's calculations because Defendants have repeatedly been unable to provide more detailed records establishing the time taken for meals or commuting. The most detailed evidence Defendants offered is affidavits from 5 employees (out of 50) that they commuted two hours daily and took a 30-minute lunch break when possible. This is simply inadequate to demonstrate how much time each employee spent on those activities in order to exclude that time from the calculation. Therefore, the Secretary's calculations for overtime are sufficient because Defendants cannot provide evidence to rebut the Secretary's calculations.

This conclusion is in line with the Sixth Circuit's opinion. They included a footnote explaining that,

> The Secretary argued to the district court that even if Defendants' employees' travel time and lunch breaks were included in the recorded hours, Defendants did not meet their burden to negate the reasonableness of the Secretary's damages computations, that there was an agreement to treat these hours as hours worked, and that Defendants did not establish that the travel time did not constitute work time or that their employees received bona fide meal breaks. The district court did not address any of these arguments, and the Secretary does not argue these alternative bases for affirmance on appeal. Accordingly, we leave these issues to the district court. ECF No. 57, n. 12.

To the extent that this Court did not previously address the issue of whether Defendants met their burden to negate the reasonableness of the Secretary's damages computations for meal and commute time, it now expressly holds that Defendants have repeatedly failed to provide sufficient explanation that any potential meal time or commute time that was covered by Defendants was not part of any contractual agreement to work. Therefore, even though under the FLSA and CFR the time spent eating meals and commuting is generally (if not always) not included in the calculation of overtime, Plaintiff made a reasonable estimation of total hours worked and Defendants failed to meet their burden to negate the reasonableness of Plaintiff's calculations. The Secretary's calculations are adequate to determine unpaid overtime and any commute or meal time that is included is not error. Accordingly, this Court again finds that Defendant owes Plaintiff total damages of $439,437.42 and an equal amount in liquidated damages.[4]

### III.

Accordingly, **IT IS ORDERED** that judgment is entered in favor of Plaintiff Secretary of

---

[4] The $439,437.42 figure is lower than Plaintiff sought in their second supplemental brief ($445,533.49). The Court again reduces the amount of damages out of an abundance of caution by $6,060 due to an apparent typographical error and a potential calculation error of $36.07. *See* ECF No. 46.

Labor and against Defendants Timberline South LLC and Jim Payne in an amount of $439,437.62 for overtime wages, plus an equal amount in liquidated damages, for a total of $878,874.84.

Dated: April 10, 2020                  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge