UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARTIN J. WALSH, Secretary of Labor,
United States Department of Labor,

      Plaintiff,                                 Case No. 1:16-cv-11552

v.                                                   Honorable Thomas L. Ludington
                                                       United States District Judge

TIMBERLINE SOUTH LLC,
a Michigan limited liability company, and
JIM PAYNE, an individual,

      Defendant.
_____/

**OPINION AND ORDER DENYING MOTION TO SUPPLEMENT RECORD AND DIRECTING SUPPLEMENTAL BRIEFING**

After three rounds of appeals in this Fair Labor Standards Act case, Defendants have filed a motion to supplement the record with five new documents.

Defendants' Motion will be denied because it is procedurally improper, there is no pending appeal, the evidence is new, this Court has no equitable power to supplement a record, and Defendants have not sufficiently explained their delay in creating or submitting the new evidence.

The parties will also be directed to submit supplemental briefing on damages.

**I.**

Formed as a Michigan LLC in 2010, Timberline South harvests timber from two to four worksites at a time, exclusively in Michigan. Timberline employees commute from home or hotel, depending on the locations of the worksites, which change every few weeks. The employees cut timber, load it onto trucks, and then transport it to mills in Michigan. For that work, the employees get paid by the day, hour, harvest amount, or some combination of those methods. Jim Payne is Timberline's director and established its compensation and recordkeeping practices.

In April 2016, the Secretary of Labor sued Timberline and its director Jim Payne under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 207, 2015(a)(2), alleging violations of overtime and recordkeeping requirements. ECF No. 1.

Two years ago, the Sixth Circuit affirmed this Court's grant of summary judgment favoring Plaintiff but vacated the damages awards. *Sec'y of Lab. v. Timberline S., LLC*, 925 F.3d 838 (6th Cir. 2019). The Sixth Circuit reasoned that neither ordinary-commute time nor bona-fide mealtime[1] is "work" subject to the FLSA's overtime-compensation requirements, even for employers that have a custom or policy of paying for such time. *Id.* at 855. That is, the Sixth Circuit interpreted the FLSA and the relevant federal regulations as not requiring employers to pay overtime for the time that employees spend eating and commuting to and from work, even if they are on the clock. *See id.* at 855–56. On remand, this Court was directed to determine such commute and meal time (i.e., the commute and meal time during which Defendants' employees were completely relieved of their duties) and to exclude it from damages. *Id.* at 855 & n.12.

On remand, this Court directed supplemental briefing on the next steps. ECF No. 65. Defendants argued that discovery should be reopened to determine the amount of noncompensable hours that the Secretary calculated into damages, and that without such evidence the damages portion of the case must be dismissed. By contrast, Plaintiff contended that Defendants did not advance any articulable challenges to Plaintiff's calculations after several rounds of briefing, and that the Sixth Circuit's order did not require this Court to reopen the record.

This Court held that more discovery was unlikely to uncover new evidence, given the investment of the parties in cross-motions for summary judgment on time for ordinary commutes

---

[1] To be "bona fide" mealtime, "[t]he employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period." 29 C.F.R. § 785.19.

and meals and two rounds of supplemental briefing on damages. *Perez v. Timberline S., LLC*, 453 F. Supp. 3d 1068, 1072–73 (E.D. Mich. 2020), *aff'd in part, rev'd in part, and remanded sub nom. Walsh v. Timberline S., LLC*, No. 20-1529, 2022 WL 705835 (6th Cir. Mar. 9, 2022). This Court also held that Defendants failed to offer any evidence establishing the time that their employees were paid for ordinary commute and meal time. *Id.* at 1073–74. So judgment was granted in favor of Plaintiff in the "amount of $439,437.62 for overtime wages, plus an equal amount in liquidated damages, for a total of $878,874.84": the same amounts as before. *Id.* at 1074.

Defendants appealed again, arguing (1) that this Court "was required to reopen discovery or hold an evidentiary hearing on damages," (2) that this Court "erred by including commute and meal time in the damages award," and (3) that "the Secretary failed to meet his burden to prove damages because each of the Secretary's calculations of overtime contained errors and inconsistencies." *Walsh*, 2022 WL 705835, at *1.

The Sixth Circuit affirmed everything except two "genuine disputes of material fact":

(1) "damages as pertains to the seven weeks where Defendants noted that [seven] employee[s'] timecards reflected fewer overtime hours worked as compared to the payroll journals relied on by [Plaintiff]"[2] and
(2) "the number of hours of ordinary commute time and bona fide meal periods [that] were included in the payroll records" of five other employees.[3]

*Id.* at *8–9. The Sixth Circuit remanded the case for those two limited purposes. *Id.* at *9; *see also id.* at *4 & n.3 (holding that "the district court complied with the letter and spirit of the mandate

---

[2] Those weeks are (1) Barton Briley for the week ending on August 9, 2015; (2) Barton Briley for the week ending on July 5, 2015; (3) Pat Cobb for the week ending on August 2, 2015; (4) Ron Jacobs for the week ending on July 26, 2015; (5) Ed Welsh for the week ending on July 5, 2015; (6) Gary Nadell for the week ending on August 9, 2015; and (7) R. Newberry for the week ending on August 16, 2015.
[3] The five employees include three hourly equipment operators (Keyser, Kitchen, and Ogden) and two equipment operators who were paid hourly and then nonhourly (Axford and Gary Payne). *Walsh v. Timberline S., LLC*, No. 20-1529, 2022 WL 705835, at *6 (6th Cir. Mar. 9, 2022).

in its approach after remand" by "concluding that it was irrelevant whether [time for ordinary commutes and meals] was included in [Plaintiffs'] calculations" *without reopening discovery*). But, on remand, the parties informed this Court that they have resolved the first issue; they will be directed to submit a stipulated, proposed order to resolve it.

Then on remand, to lower their liability, Defendants filed a motion to supplement the record with new "affidavits" they collected from five *additional* employees,[4] who also "testified they included travel-to-work time and bona fide mealtime in their total hours worked." ECF No. 81 at PageID.4617. Although the new "affidavits" are apparently "duly sworn" "under penalty of perjury" as "true and correct," *see, e.g.*, ECF No. 81-1 at PageID.4628, they are "not notarized, violating a well-established criterion for the legal sufficiency of an affidavit," *LeVay v. Morken*, 590 F. Supp. 3d 1037, 1042 (E.D. Mich. 2022) ("[A]n affidavit must be 'notarized' before 'a person having authority to administer such oath or affirmation.'" (quoting *Granada v. United States*, 51 F.3d 82, 84 (7th Cir. 1995))). Yet they serve the same purpose. *See* 28 U.S.C. § 1746(2). All the allegedly excludable time is handwritten in fill-in-the-blank format, as follows:

> 3. On average I drove about __1__ hour(s) to the jobsite each day, and __1__ hour(s) home, and took __½__ hour lunch and _____ minutes break each day. The location of the jobsite typically changed every few weeks.

*E.g.*, ECF No. 81-1 at PageID.4631. The parties have not addressed how the new evidence would affect damages. But based on the prior calculations it could save Defendants some $159,070.09. Plaintiff contests the motion. ECF No. 84.

In sum, far from the case's original posture, the only issue that remains now is how many

---

[4] The five additional employees—who each claim various amounts of ordinary-commute time and bona-fide mealtime between August 25, 2013 and March 20, 2017—are Kurt Abbe, Randy Newberry, Dan Kutch, Shawn Hintz, and Patrick D. Cobb. *See* ECF No. 81-1 at PageID.4627–31.

noncompensable hours five employees spent eating and commuting, which must be excluded from the amount of damages that Defendants must pay. *Walsh*, 2022 WL 705835, at *7.

## II.

Defendants filed a motion to supplement the record.[5] ECF No. 81. In sum, they are asking this Court to exercise its "inherent powers to supplement the record to include five additional employee affidavits submitted to Plaintiff during mediation while the case was pending on appeal." *Id.* at PageID.4616. Notably, these five employees "are not the same five" who have been at issue in the case through the appeals and are so now; they are five new employees. *Id.* at PageID.4617.

Plaintiffs respond that it is too late in the case to add those documents, which Defendants could have provided "during either the initial discovery period or the three rounds of supplemental briefing and cross-motions for summary judgment over the course of six years," adding that "[t]he scope of the Sixth Circuit's remand was narrow" and "did not include additional discovery and delay." ECF No. 84 at PageID.4638.

### A.

As a threshold matter, Defendants' Motion to Supplement is procedurally improper. In this context,[6] supplementing the record means adding missing evidence to "the record on appeal" that the district court considered when deciding the appealed order. *United States v. Tate*, No. 21-3436, 2022 WL 1224552, at *2 n.3 (6th Cir. Apr. 26, 2022) (citing FED. R. APP. P. 10(e)(2)); *accord*

---

[5] Notably, Defendants have explicitly denounced the possibility that they filed a motion to reopen discovery. ECF No. 85 at PageID.4648 ("Further, contrary to the Secretary's assertion, supplementing the record with the additional affidavits does not of necessity require reopening of discovery.").

[6] In cases brought under the Administrative Procedure Act, for example, "[s]upplementing the record means introducing evidence that the agency did not consider but is 'necessary for the court to conduct a substantial inquiry.'" Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 12 (2022) (citation omitted).

*United States v. Murdock*, 398 F.3d 491, 500 (6th Cir. 2005) ("[T]he purpose of Rule 10(e)(2) is to permit the court 'to correct omissions from or misstatements in *the record for appeal*.'" (emphasis added) (quoting *United States v. Smith*, 344 F.3d 479, 486 (6th Cir. 2003))). Simply put, a district court may not supplement a trial record unless an appeal is pending.

No appeal is pending, so Defendants' Motion to Supplement will be denied.

**B.**

Even if an appeal were pending, Defendants' Motion to Supplement would still be denied. Although Rule 10(e)(2) permits corrections of "omi[ssions] from or misstate[ments] in the record by error or accident," FED. R. APP. P. 10(e)(2), "it does not allow parties 'to introduce new evidence,'" *Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020) (collecting cases).

The five documents could not have been omitted from or misstated in the records on appeal because they did not even exist then. As Defendants explain, the five documents they want to include in the record "were provided [to Plaintiff on July 27, 2021,] during mediation through the Sixth Circuit's Mediation Office." ECF No. 81 at PageID.4622. The documents are dated from July 12–16, 2021. ECF No. 81-1 at PageID.4627–31. However, this Court first addressed damages for the other five employees on June 5, 2018. *Acosta v. Timberline S. LLC*, No. 16-CV-11552, 2018 WL 2717501 (E.D. Mich. June 5, 2018); ECF Nos. 46; 47. So Defendants did not create the five new documents until 1,133 days after the relevant issue was *first* decided. Nor did they create the documents before the next two rounds of appeals. And neither "error" nor "accident" ever appears in Defendants' briefing.[7] *See generally* ECF Nos. 81; 85.

---

[7] "Omissions from the record may result from the error or inadvertence of the parties, the court reporter, the district court clerk or the judge." *United States v. Fonville*, No. 13-20947, 2015 WL 8263138, at *3 (E.D. Mich. Dec. 9, 2015) (quoting *United States v. Barrow*, 118 F.3d 482, 487 (6th Cir. 1997)).

In sum, Defendants' Motion to Supplement will be denied because it is "an impermissible attempt 'to add new material that was never considered by the district court.'" *Kelly v. Metro. Grp. Prop. & Cas. Ins.*, 810 F. App'x 377, 384 (6th Cir. 2020) (unpublished) (quoting *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003)); *see also United States v. LaVictor*, No. 2:14-CR-30, 2016 WL 8928708, at *1 (W.D. Mich. Feb. 17, 2016) ("[T]he Court does not find that the [evidence] was misstated in the record or improperly omitted, as required for a party to supplement the record." (citing FED. R. APP. P. 10(e)(2)(B))).

## C.

Defendants nevertheless argue that equity requires supplementing the record. ECF No. 81 at PageID.4619–20. Defendants correctly note that "a court of appeals has discretionary authority to supplement the record with material not reviewed by the district court in special circumstances." *United States v. Murdock*, 398 F.3d 491, 499 (6th Cir. 2005).

District courts, however, hath no such power. *Helm v. Ratterman*, No. 3:16-CV-771-TBR, 2018 WL 660635, at *2 (W.D. Ky. Feb. 1, 2018) ("[T]he Sixth Circuit only recognizes the 'inherent equitable powers to expand the record on appeal' as belonging to appellate courts." (quoting *Thompson v. Bell*, 373 F.3d 688, 690–91 (6th Cir. 2004), *rev'd on other grounds*, 545 U.S. 794 (2005))); *accord Cincinnati Ins. v. Crossman Cmtys., Inc.*, No. CV 05-470-KSF, 2008 WL 11344798, at *2 (E.D. Ky. Nov. 26, 2008) ("Thus, to the extent such power exists, it is to be exercised not by this court, but by the court of appeals." (citation omitted)).

Even if this Court could conjure an evidentiary record for an imaginary appeal, Defendants have still yet to explain why they did not create the affidavits until 1,920 days after the case began. "Permitting [Defendants] to supplement the record . . . with information that [they] could have easily obtained much earlier would not advance the interests of justice and would not further

efficient use of judicial resources." *Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020) (quoting *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 477–78 (6th Cir. 2008)). Nor have Defendants explained why they did not attempt to supplement the record during their three appeals. *See* FED. R. APP. P. 10(e).

For these reasons too, Defendants' Motion to Supplement will be denied.

### III.

The only remaining issues are the number of noncompensable hours that five employees spent (a) commuting and (b) eating.

As to commuting, the issue is how many hours the five employees spent commuting to and from worksites. That commute time is noncompensable because it was before and after their "principal activities," which were whatever they did at their worksites. Simply put, Defendants are *not liable* for the time that the five employees spent traveling to and from their houses—even if they were paid for that time—unless there was an agreement or course of practice that those hours would also count as "hours worked" for calculating overtime under the Port-to-Portal Act. *See* discussion *supra* Part I & n.3. Therefore, Plaintiff will be directed to calculate how many noncompensable hours the five employees spent commuting.

As to eating, the issue is how many hours the five employees spent eating while "completely relieved of their duties." Defendants are *not liable* for that time. So Plaintiff will be directed to recalculate that amount too.

And as explained earlier, the parties said they resolved "damages as pertains to" (1) Barton Briley for the week ending on August 9, 2015; (2) Barton Briley for the week ending on July 5, 2015; (3) Pat Cobb for the week ending on August 2, 2015; (4) Ron Jacobs for the week ending on July 26, 2015; (5) Ed Welsh for the week ending on July 5, 2015; (6) Gary Nadell for the week

ending on August 9, 2015; and (7) R. Newberry for the week ending on August 16, 2015. *See* discussion *supra* Part I & n.2. So the parties will be directed to submit a stipulated proposed order to resolve that issue.

### IV.

Accordingly, it is **ORDERED** that Defendants' Motion to Supplement the Record, ECF No. 81, is **DENIED**.

Further, it is **ORDERED** that the parties are **DIRECTED** to submit a stipulated, proposed order **on or before December 30, 2022**, addressing Defendants' liable damages with respect to (1) Barton Briley for the week ending on August 9, 2015; (2) Barton Briley for the week ending on July 5, 2015; (3) Pat Cobb for the week ending on August 2, 2015; (4) Ron Jacobs for the week ending on July 26, 2015; (5) Ed Welsh for the week ending on July 5, 2015; (6) Gary Nadell for the week ending on August 9, 2015; and (7) R. Newberry for the week ending on August 16, 2015.

Further, it is **ORDERED** that Plaintiff is **DIRECTED** to submit a supplemental brief **on or before December 30, 2022**, recalculating how many noncompensable hours the following employees spent (1) commuting and (2) eating while "completely relieved of their duties": three hourly equipment operators (Keyser, Kitchen, and Ogden) and two equipment operators who were paid hourly and then nonhourly (Axford and Gary Payne).

Dated: November 28, 2022    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge